*HAWKINS* vs. *VANWICKLE.*

Evidence, legal in itself, cannot be rejected, because something more may be necessary to make out the case.

APPEAL from the court of the fourth district

PORTER. J. delivered the opinion of the court. The plaintiff claims from the defendant a slave and other property, which the defendant had taken into his possession, and prays that he may be enjoined from selling them under a writ of *fieri facias* which he had issued against one John M. Walker.

The defendant among other objections which he set out in his answer to the demand of the petitioner, pleaded, that she was black and a slave, and as such was incapable of bringing suit.

On the trial of the cause, the plaintiff offered a deed of emancipation passed in Cincinnati, state of Ohio, to prove her emancipation: its

Eastern Dist.
*January* 1828

HAWKINS
*vs.*
VANWICKLE]

introduction was objected to on the ground that previous to reading it, it was incumbent on her to prove the formalities (if any such there were) required by the laws of Ohio in emancipating slaves. The court sustained this objection, and rejected the instrument offered. There was judgment against the plaintiff, and she appealed.

This case has been submitted without argument. It is clear to us the court below erred. The deed should have been admitted for what it was worth. Where the evidence in a cause consists of a variety of facts, the tribunal before which it is tried, has certainly the power to prescribe that such order shall be pursued in their introduction, as will best tend to present the case in a clear and unembarrassed manner. But the exercise of this power cannot be construed to extend so far as to authorise the rejection of evidence legal in itself, because something more may be supposed necessary to make out the case. That is an opinion which can only be expressed when the merits are gone into. If the case had been that the party was prepared to shew by the laws of Ohio, that no previous steps were necessary, the most natural order was that resorted to, first to shew the

act of emancipation, and then to prove that it was valid by the laws of the country where it was executed. But the whole proceeding was in fact irregular. This was not the case of a slave sueing for her freedom, but of a woman in the enjoyment of it, sueing another for property which she alleged belonged to her. In such case the burthen of proving the fact of slavery was on the party making the allegation. By a law of the Partidas where a man claims another who is in the actual possession of liberty as his slave, the necessity of proving him such is thrown on the claimant—*a fortiori*, where the question arises collaterally with a third party; and the former master by his not interfering in the suit, furnishes a violent presumption that the state and condition of the plaintiff is that which she represents it to be. *Partidas* 3, *Tit.* 15, *Law.* 5.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided and reversed, and it is further ordered, adjudged and decreed, that the cause be remanded for a new trial, with directions to the judge not to reject the act of emancipation set forth in the bill of exceptions, because the plaintiff does not prove a compliance with the

formalities (if any) required by the laws of the state of Ohio in emancipating slaves: the appellee paying the costs of this appeal.

*McCaleb* for the plaintiff.